UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE WHITE,

                        Plaintiff,

v.                                                9:10-CV-0721
                                                             (MAD/GHL)

L. SEARS, DOCTOR CHOLOM, DOCTOR ALI, and
NURSE MONTROY,

                        Defendants.
_____

APPEARANCES:                                    OF COUNSEL:

GEORGE WHITE[1]
Plaintiff, *pro se*
138 Larkspur Lane
Locus Grove, VA 22508

HON. ERIC T. SCHNEIDERMAN               CHRISTINA L. ROBERTS-RYBA, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION-ORDER

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff George White alleges that he was denied adequate medical care in deliberate indifference to his serious medical needs in violation of his Eighth Amendment rights under the United States Constitution. Currently

---

[1] Plaintiff has been released from incarceration. Dkt. No. 19; 12/6/10 Text Entry.

pending before the Court is Defendants' motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Dkt. No. 16. The Court granted Plaintiff two extensions of time in which to submit a response. Dkt. Nos. 17, 18, 19, Text Order 10/28/10. No response was submitted. Defendants also submitted a supplemental request to dismiss. Dkt. No. 20. For the reasons that follow, I recommend that Defendants' motion to dismiss and supplemental request to dismiss be granted. In addition, I recommend that Plaintiff be permitted leave to amend his complaint.

**I.     BACKGROUND**

    **A.     Summary of the Complaint**

The complaint and the documents[2] attached to Plaintiff's complaint provide the following:

On May 8, 2007, prior to being incarcerated, Plaintiff injured his right shoulder and arm at work when a glass window fell on his arm, severing tendons. Dkt. No. 1-2 at 29. Plaintiff underwent surgery and physical therapy. Dkt. No. 1-2.

On June 4, 2008, Baburao Doddapaneni, M.D., recommended that based on her year-long observation, Plaintiff required "symptomatic treatments" two times per week during exacerbations of his symptoms. Dkt. No. 1-2 at 3. She indicated that his prognosis was "guarded" and that he had a "permanent disability." *Id.* at 4.

On July 18, 2008, Plaintiff was sentenced to a period of 2 ½ to 5 years of incarceration after pleading guilty to committing burglary. Dkt. No. 1 at ¶ 11; Dkt. No. 1-1 at 10. The sentencing

---

[2] When determining whether a complaint fails to state a claim, a court may review exhibits attached to the complaint and any documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

judge noted on Plaintiff's commitment papers that medical attention was required. *Id.*; Dkt. No. 1-1 at 10.

### 1. Allegations Regarding Dr. Cholom and Dr. Ali

On July 28, 2008, at Ogdensburg Correctional Facility ("Ogdensburg C.F."), Dr. Cholom and Dr. Ali began treating Plaintiff for his right shoulder and arm issues. Dkt. No. 1 at ¶ 12. After eight physical therapy sessions, Dr. Cholom and Dr. Ali concluded that Plaintiff no longer needed to attend physical therapy. *Id.* at ¶ 31.

In addition, Dr. Cholom prescribed Naproxen[3] to Plaintiff for pain relief. Dkt. No. 1 at ¶ 39. Plaintiff claims that this medication is known to cause internal bleeding. *Id.* Plaintiff alleges that this medication caused him to experience stomach pain. *Id.*

On February 23, 2010, Plaintiff filed an inmate grievance. Dkt. No. 1-1 at 1-2. In the grievance, he stated the following:

> I have chronic ongoing medical problems with my right shoulder and arm. I have a court ordered medical required[.] [T]he medical staff here at Ogdensburg CF have neglected to continue my [physical therapy] or schedule a specialist consult. My injury is getting worse everyday[.] [I]t's to the point where I can bar[ely] lift the arm or use it without pain.

Dkt. No. 1-1 at 2.

On March 9, 2010, the Inmate Grievance Resolution Committee ("IGRC") recommended that the grievance be denied. Dkt. No. 1-1 at 5. On March 17, 2010, the Superintendent concurred with the recommendation of the IGRC. Dkt. No. 1-1 at 2. On May 12, 2010, the Central Office Review Committee ("CORC") upheld the determination of the Superintendent. Dkt. No. 1-2 at 31.

---

[3] Naproxen is a nonsteroidal anti-inflammatory drug used to relieve inflammation, swelling, stiffness, and joint pain. *The PDR Pocket Guide to Prescription Drugs* 914 (7th ed. 2005).

Plaintiff also stated that in the interim, on or about April 13, 2010, he filed another grievance "with similar (but not the same) concerns involving his medical conditions." Dkt. No. 1 at ¶ 51 (citing Dkt. No. 1-2 at 30). The IGRC recommended that the grievance be denied. *Id.*

### 2. Allegations Regarding Nurse Montroy

First, Plaintiff appears to allege that in response to the initial grievance, Nurse Montroy reviewed his medical records and incorrectly concluded that his grievance was unfounded. Dkt. No. 1 at ¶ 18.

Second, Plaintiff alleges that on April 5, 2010, he "dropped a sick call slip to inform [a] physician that the medication prescribed [sic] w[as] causing stomach problems." Dkt. No. 1 at ¶ 40. In response, Plaintiff saw Nurse Montroy, who "simply told [P]laintiff to stop taking" the medication. *Id.* Plaintiff also informed Nurse Montroy that he was experiencing shoulder pain. *Id.* at ¶ 45. Plaintiff claims that Nurse Montroy "once again told [P]laintiff that he was scheduled to see a doctor;" however Plaintiff has been waiting for more than two months to see a doctor. *Id.* at ¶ 40.

### 3. Allegations Regarding Defendant Superintendent L. Sears

Plaintiff has named Superintendent L. Sears, who was the superintendent of the facility at the relevant time, as a defendant. Dkt. No. 1 at ¶ 4. Plaintiff alleges that Defendant Sears denied Plaintiff's grievance. *Id.* at ¶ 51.

### B. Defendants' Response

Defendants argue that the deliberate indifference claim should be dismissed against Dr. Cholom, Dr. Ali, and Nurse Montroy because Plaintiff fails to meet the standard for deliberate indifference. Dkt. No. 16-2. Defendants also argue that the Court should dismiss Superintendent Sears because Plaintiff failed to allege his personal involvement, which is required in order to

succeed on a § 1983 claim.  *Id.*

## II. LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added).  "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense. . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged -- but it has not shown -- that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted).  Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions.  Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  Of course, an opportunity to amend is not required where the plaintiff has already amended the complaint. *See Advanced Marine Tech. v. Burnham Sec., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y.1998) (denying leave to amend where plaintiff had already amended complaint once).  In addition, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "better pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).

### III.   ANALYSIS

#### A.   Eighth Amendment

Plaintiff alleges that Dr. Cholom, Dr. Ali, and Nurse Montroy insufficiently treated his condition despite having copies of reports from his prior physician and despite the notation made on his sentencing report that medical attention was required.  Dkt. No. 1 at ¶¶ 24, 31, 35, 45.  Plaintiff also alleges that Dr. Cholom and Dr. Ali improperly discontinued physical therapy and denied Plaintiff access to medical specialists.  *Id.* at ¶ 13.

As noted, Defendants argue that Plaintiff has made an insufficient showing of an Eighth Amendment claim against Dr. Cholom, Dr. Ali, and Nurse Montroy.  Dkt. No. 16-2 at 2-4.

The Eighth Amendment to the United States Constitution prohibits "cruel and unusual" punishments.  The word "punishment" refers not only to deprivations imposed as a sanction for criminal wrongdoing, but also to deprivations suffered during imprisonment. *Estelle v. Gamble*, 429 U.S. 97, 102-03 (1976).  Punishment is "cruel and unusual" if it involves the unnecessary and

wanton infliction of pain or if it is incompatible with "the evolving standards of decency that mark the progress of a maturing society." *Estelle*, 429 U.S. at 102. Thus, the Eighth Amendment imposes on jail officials the duty to "provide humane conditions of confinement" for prisoners. *Farmer v. Brennan*, 511 U.S. 825, 832 (1994). In fulfilling this duty, prison officials must ensure, among other things, that inmates receive adequate medical care. *Farmer*, 511 U.S. at 832 (citing *Hudson v. Palmer*, 468 U.S. 517, 526-27 (1984)).

There are two elements to a prisoner's claim that prison officials violated his Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). "The objective 'medical need' element measures the severity of the alleged deprivation, while the subjective 'deliberate indifference' element ensures that the defendant prison official acted with a sufficiently culpable state of mind." *Smith v. Carpenter*, 316 F.3d 178, 183-84 (2d Cir. 2003).

Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, *i.e.*, an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance*, 143 F.3d, 698, 703 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-703. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. 825, 835; *Ross v. Giambruno*, 112 F.3d 505 (2d Cir. 1997). An "inadvertent failure to

provide adequate medical care" does not constitute "deliberate indifference." *Estelle*, 429 U.S. at 105-06. Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id.* Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.; Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.") However, malpractice that amounts to culpable recklessness constitutes deliberate indifference. Accordingly, "a physician may be deliberately indifferent if he or she consciously chooses an easier and less efficacious treatment plan." *Chance*, 143 F.3d at 703.

    **1.**  **Serious Medical Conditions**

Regarding the objective component, the complaint alleges that Dr. Cholom, Dr. Ali, and Nurse Montroy provided Plaintiff with inadequate or no medical care after learning of Plaintiff's arm and shoulder pain, and liberally construing the complaint, after Nurse Montroy learned of Plaintiff's "stomach problems." Dkt. No. 1. Defendants failed to address whether Plaintiff's shoulder, arm, and stomach problems are serious medical conditions.

A "serious medical condition" is "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly,* 912 F.2d 605, 607 (2d Cir. 1990) (Pratt, J. dissenting) (citations omitted), *accord*, *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1996), *cert. denied*, 513 U.S. 1154 (1995); *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998). Relevant factors to consider when determining whether an alleged medical condition is sufficiently serious include, but are not limited to: (1) the existence of an injury that a reasonable doctor or patient

would find important and worthy of comment or treatment; (2) the presence of a medical condition that significantly affects an individual's daily activities; and (3) the existence of chronic and substantial pain. *Chance*, 143 F.3d at 702-03. This "inquiry must be tailored to the specific circumstances of each case." *Smith*, 316 F.3d at 185.

### a. Right Shoulder and Arm

As noted, prior to incarceration, Plaintiff injured his right shoulder and arm when a glass window fell on his arm, severing tendons and requiring surgery and further treatment. Dkt. No. 1-2 at 29. His physician found that Plaintiff's prognosis was guarded and that he had a permanent disability, and recommended that he continue to receive physical therapy. Dkt. No. 1-2.

Once at Ogdensburg C.F., Plaintiff was seen by Dr. Cholom and Dr. Ali, who referred Plaintiff to physical therapy, which he attended in 2008 and 2009. Dkt. No. 1; Dkt. No. 1-1 at 9. Dr. Cholom also prescribed a pain reliever. Dkt. No. 1 at ¶ 39. Nurse Montroy indicated that the physical therapist reported that Plaintiff's symptoms had decreased and his condition was much improved. *Id.* She also indicated that Plaintiff saw a doctor on twelve occasions from July 9, 2009, to February 25, 2010, and that an x-ray showed that the services of an orthopedist were not required.[4] *Id.*

However, Plaintiff alleges that once physical therapy was discontinued, he experienced "excruciating pain," tightening of the muscles, and loss of range-of-motion. Dkt. No. 1 at ¶ 5; *see* ¶¶ 27, 37. Plaintiff claims that he has become "lame with a lot of discomfort" and that he experienced severe pain in his shoulder and collarbone as a result of having to wait for more than

---

[4] Plaintiff claims that he never underwent x-ray testing while at Ogdensburg C.F. Dkt. No. 1 at ¶ 15.

9

two months to see a physician. *Id.* at ¶¶ 28, 34, 36, 40.  Plaintiff asserts that his condition also was exacerbated by the work he performed as part of the "lawns and ground crew" and as a gym porter. *Id.* at ¶¶ 48, 49.

In light of the foregoing, I find that Plaintiff's arm and shoulder pain was a serious medical condition.[5] Plaintiff complained to Dr. Cholom, Dr. Ali, and Nurse Montroy about his shoulder and arm pain. *See* Dkt. No. 1 at ¶¶ 12, 39, 45.  He attended "numerous" physical therapy sessions. Dkt. No. 1-1 at 9.  Later, he was prescribed pain medication, which he continued to take despite resulting stomach problems. Dkt. No. 1 at ¶ 39.

### b. Stomach Pain

Plaintiff states that he "is having *a lot* of pain in his stomach due to [his] medication," yet he continues to take the medication because "it is the only relief" he can find for his shoulder and arm pain and because he is unable to change medications until a physician will see him.  Dkt. No. 1 at ¶¶ 39, 40 (emphasis added).  Liberally construing the complaint, I find that Plaintiff has alleged a serious medical condition.[6]  Plaintiff alleged that he experiences "a lot" of pain in his stomach, which suggests that this condition is somewhat urgent or serious.

---

[5] *See Sereika v. Patel*, 411 F. Supp. 2d 397, 406 (S.D.N.Y. 2006) (allegations of "severe pain ... [and] reduced mobility" in the shoulder are sufficient to raise a material issue of fact as to a serious medical need); *Goros v. Cent. Office Review Comm.*, No. 03 Civ. 407, 2006 WL 2794415, at *6 (N.D.N.Y. Sept. 26, 2006) (plaintiff's allegations of "worsening pain" in his left shoulder and legs may establish a sufficiently serious medical need); *Guarneri v. Bates*, 05 Civ. 444(GLS) (DRH), 2008 WL 686809, at *5 (N.D.N.Y. Mar. 10, 2008) (shoulder injury constitutes a serious medical need where plaintiff contends that his alleged rotator cuff tear left him in severe pain and that he could not move his arm).

[6] *See Pender v. McClellan*, No. 94-CV-413S, 1996 WL 343253, at *4 (W.D.N.Y. Feb. 5, 1996) (dismissing Eighth Amendment claims based on stomach pain when there was *no* allegation that plaintiff's condition was urgent or otherwise serious).

### 2. Deliberate Indifference

Plaintiff alleges that Dr. Cholom, Dr. Ali, and Nurse Montroy were aware that Plaintiff had a serious medical need, but refused to provide sufficient medical treatment. Dkt. No. 1. Defendants argue that Plaintiff "has not alleged or established that [D]efendants were 'aware of facts from which the inference could be drawn that a substantial risk of serious harm existed,' nor did [D]efendants draw the inference and ignore it." Dkt. No. 16-2 at 3 (citation omitted).

Plaintiff has failed to establish that Dr. Cholom, Dr. Ali, and Nurse Montroy acted with deliberate indifference in treating Plaintiff's right shoulder, arm, and stomach pain. Dr. Cholom and Dr. Ali saw Plaintiff and referred him to physical therapy. Dkt. No. 1 at ¶ 12. Nurse Montroy noted that Plaintiff's physical therapist indicated that Plaintiff's condition improved. Dkt. No. 1-1 at 9. Nurse Montroy also indicated that Plaintiff was seen by a doctor on twelve different occasions from July 9, 2009, to February 25, 2010. *Id.* In addition, Dr. Ali prescribed pain medication to Plaintiff and upon Plaintiff's subsequent complaints of resulting stomach pain, Nurse Montroy saw Plaintiff and advised him to discontinue taking the medication. Dkt. No. 1 at ¶ 39, 40. Rather than showing a "conscious disregard" to Plaintiff's serious medical needs, the record demonstrates that medical staff appropriately responded to Plaintiff's complaints. Even if prescribed treatments were not successful in alleviating Plaintiff's pain, it cannot be said that Dr. Cholom, Dr. Ali, and Nurse Montroy acted with deliberate indifference. *See Williams v. Koenigsmann*, No. 03 Civ. 5267, 2004 WL 315279, at *6 (S.D.N.Y. Feb. 18, 2004).

Although Plaintiff disagrees with judgments made by Dr. Cholom, Dr. Ali, and Nurse Montroy, "mere disagreement over proper treatment does not create a constitutional claim." *Chance*, 143 F.3d at 703. "So long as the treatment given is adequate, the fact that a prisoner might

11

prefer a different treatment does not give rise to an Eighth Amendment violation." *Chance*, 143 F.3d at 703.

The complaint also indicates that Plaintiff has been waiting to see a physician for more than two months. Dkt. No. 1 at ¶ 36. This delay does not rise to the level of an Eighth Amendment violation as a "delay in medical treatment does not necessarily invoke the Eighth Amendment." *Morrison v. Mamis*, No. 08 Civ. 4302(PAC) (AJP), 2008 WL 5451639, at *7 n. 19 (S.D.N.Y. Dec. 18, 2008) (Peck, M.J.). Delayed treatment amounts to deliberate indifference when "officials deliberately delayed care as a form of punishment; ignored a 'life-threatening and fast-degenerating' condition for three days; or delayed major surgery for over two years." *Id.* (citing *Demata v. New York State Corr. Dep't of Health Servs.*, No. 99–0066, 198 F.3d 233 (table), (published in full-text format at 1999 U.S.App. LEXIS 22955, at *5, 1999 WL 753142, at *2 (2d Cir. Sept. 17, 1999)). Here, any delay in treatment does not rise to the level of deliberate indifference. In fact, when Plaintiff "dropped his sick call slip," Nurse Montroy responded to Plaintiff's concerns. Dkt. No. 1 at ¶¶ 39, 40.

To the extent that Plaintiff claims that Dr. Cholom erred by prescribing Naproxen because this medication is known to cause internal bleeding, Dkt. No. 1 at ¶ 39, this accusation is speculative and unsupported. Without more, it cannot be said that Dr. Ali's actions amounted to deliberate indifference. *See Bryant v. Wright*, No. 09 Civ. 2456, 2010 WL 3629443, at *8 (S.D.N.Y. Aug. 31, 2010) ("The mere fact that the generic medication has 'side effects,' . . . is certainly insufficient to state a deliberate indifference claim . . ."). Moreover, "[d]ifferences in opinions between a doctor and an inmate patient as to the appropriate pain medication clearly do not support a claim that the doctor was deliberately indifferent to the inmate's 'serious' medical needs."

*Wright*, 694 F. Supp. 2d at 160 (citing cases).

Accordingly, I recommend that the deliberate indifference claims against Dr. Cholom, Dr. Ali, and Nurse Montroy be dismissed.

### 2. Personal Involvement

Defendants argue that Superintendent Sears should be dismissed because Plaintiff fails to set forth specific allegations against him.  Dkt. No. 16-2 at 4-5.  Defendants argue that "it appears that [D]efendant Sears is being sued solely because he is the Superintendent of Ogdensburg." *Id.* at 5.

Under Second Circuit precedent, "'personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of damages under § 1983.'"  *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994) (quoting *Moffitt v. Town of Brookfield*, 950 F.2d 880, 885 (2d Cir. 1991)).  In order to prevail on a 1983 cause of action against an individual, a plaintiff must show some tangible connection between the unlawful conduct and the defendant.  *Bass v. Jackson*, 790 F.2d 260, 263 (2d Cir. 1986).  If the defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (*i.e.*, under the doctrine of *respondeat superior*) is insufficient to show his or her personal involvement in that unlawful conduct.  *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright*, 21 F.3d at 501; *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985).  In other words, supervisory officials may not be held liable merely because they held a position of authority.  *Black v. Coughlin*, 76 F.3d 72, 74 (2d Cir. 1996).  Rather, supervisory personnel may be considered "personally involved" if they (1) directly participated in the violation, (2) failed to remedy that violation after learning of it through a report or appeal, (3) created, or allowed to continue, a policy or custom under which the violation occurred, (4) had been grossly negligent in managing

13

subordinates who caused the violation, or (5) exhibited deliberate indifference to the rights of inmates by failing to act on information indicating that the violation was occurring. *Colon v. Coughlin*, 58 F.3d 865, 873 (2d Cir. 1995).

Here, Plaintiff simply states that Superintendent Sears was the superintendent of the facility at the relevant time, and that he denied Plaintiff's grievance. Dkt. No. 1 at ¶¶ 4, 51.

To the extent that Superintendent Sears is named as a defendant simply because he allegedly was the superintendent during the relevant time, as noted, supervisory officials may not be held liable merely because they held a position of authority. *Black*, 76 F.3d at 74.

To the extent that Superintendent Sears is named as a defendant because he denied Plaintiff's grievance, the denial of Plaintiff's grievance is insufficient to establish personal involvement. *See Hatzfeld v. Eagen*, No. 9:08-CV-283 (LES/DRH), 2010 WL 5579883, at *5 (N.D.N.Y. Dec. 10, 2010) (Homer, M.J.) ("Merely denying a prisoner's grievance 'is insufficient to establish personal involvement.'") (quoting *Mercer v. Benson*, No. 08-cv-537 (DNH/DRH), 2009 WL 3111684, at *4 (N.D.N.Y. Aug. 14, 2009) (Homer, M.J.) (citing *Joyner v. Greiner*, 195 F. Supp. 2d 500, 506 (S.D.N.Y. 2002)). There are no allegations that Superintendent Sears did anything more than concur with the conclusion of the IGRC. Therefore, Plaintiff has failed to establish personal involvement. *Joyner*, 195 F. Supp. 2d at 506 (finding no personal involvement where the complaint "merely states that [the superintendent] affirmed the denial of [the plaintiff's] grievance"). Moreover, it is not alleged that Superintendent Sears is a doctor, or that he personally provided (or was capable of providing) Plaintiff with medical care. Further, there are no allegations that Superintendent Sears created an unconstitutional policy or custom, or was grossly negligent in supervising others. Thus, Plaintiff has failed to establish personal involvement.

14

I note that Plaintiff claims that the Program Committee at the facility assigned Plaintiff to work on the "lawn and grounds crew" and as a "gym porter," which exacerbated his condition. Dkt. No. 1 at ¶¶48, 49.  There is no indication that Superintendent Sears was involved in the decisions of the Program Committee.  Therefore, Superintendent Sears cannot be deemed personally involved in the decisions of the Program Committee.

Accordingly, I recommend that the claims against Defendant Sears be dismissed due to his lack of personal involvement.

### 3. Leave to Amend

As noted, where a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir.2000) (internal quotation and citation omitted).  However, an opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it." *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, Plaintiff has not yet amended his complaint.  Moreover, nothing on the face of the complaint suggests that amendment would be futile.  Therefore, I recommend that Plaintiff be granted leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED**, that Defendants' motion to dismiss for failure to state a claim (Dkt. No. 16) be **GRANTED**; and it is further

**RECOMMENDED**, that Defendants' supplemental request to dismiss (Dkt. No. 20) be **GRANTED**; and it is further

**RECOMMENDED**, that Plaintiff may file an amended complaint **within thirty (30) days**

15

of the filing date of any Order adopting this Report and Recommendation; and it is further

**RECOMMENDED**, that if Plaintiff fails to timely file an amended complaint, the Clerk enter judgment dismissing this action without further order of this Court due to Plaintiff's failure to comply with the terms of any Order adopting this Report and Recommendation; and it is further

**ORDERED** that the Clerk serve copies of the electronically-available-only decisions cited herein on Plaintiff.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court.

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: June 20, 2011
      Syracuse, New York

*[signature]*
George H. Lowe
United States Magistrate Judge