UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

GEORGE WHITE,

                         Plaintiff,

v.                                                   9:10-CV-0721
                                                           (MAD/TWD)

L. SEARS, DOCTOR CHOLOM, DOCTOR ALI, and
NURSE MONTROY,

                         Defendants.
_____

APPEARANCES:                                 OF COUNSEL:

GEORGE WHITE
Plaintiff *pro se*
1281 Jefferson Davis Hwy.
Fredericksburg, VA 22401

HON. ERIC T. SCHNEIDERMAN          WILLIAM J. MCCARTHY, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

THÉRÈSE WILEY DANCKS, United States Magistrate Judge

## REPORT-RECOMMENDATION

      This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has been referred to me for Report and Recommendation by the Honorable Mae A. D'Agostino, United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c). Plaintiff George White alleges that Defendants failed to provide him with adequate medical care. (Dkt. Nos. 1, 26.) The matter is currently before the Court for screening of Plaintiff's amended complaint. (Dkt. No. 26.) For the reasons discussed below, I recommend that the Court *sua sponte* dismiss the amended

complaint without leave to amend.

## I. FACTUAL AND PROCEDURAL SUMMARY

### A. Allegations of the Original Complaint

The complaint and the documents[1] attached to Plaintiff's original complaint alleged that:

Prior to being incarcerated, Plaintiff injured his right shoulder and arm at work when a glass window fell on his arm, severing tendons. (Dkt. No. 1-2 at 29.) Plaintiff underwent surgery and physical therapy. *Id*.

On June 4, 2008 Baburao Doddapaneni, M.D., reported that Plaintiff required "symptomatic treatments" two times per week during exacerbations of his symptoms. (Dkt. No. 1-2 at 3.) She indicated that his prognosis was "guarded" and that he had a "permanent disability." *Id.* at 3-4.

On July 18, 2008 Plaintiff was sentenced to a period of incarceration after pleading guilty to burglary. (Dkt. No. 1 ¶ 11; Dkt. No. 1-1 at 10.) The sentencing judge noted on Plaintiff's commitment papers that medical attention was required. *Id*.

#### 1. Allegations Regarding Dr. Cholom and Dr. Ali

On July 28, 2008, at Ogdensburg Correctional Facility, Dr. Cholom and Dr. Ali began treating Plaintiff for his right shoulder and arm issues. (Dkt. No. 1 ¶ 12.) After eight physical therapy sessions, Dr. Cholom and Dr. Ali concluded that Plaintiff no longer needed to attend physical therapy. *Id.* ¶ 31. Dr. Cholom prescribed Naproxen[2] to Plaintiff for pain relief. *Id.* ¶ 39.

---

[1] When determining whether a complaint fails to state a claim, a court may review exhibits attached to the complaint and any documents incorporated into the complaint by reference. *Rothman v. Gregor*, 220 F.3d 81, 88 (2d Cir. 2000) (citing *Cosmas v. Hassett*, 886 F.2d 8, 13 (2d Cir. 1989)).

[2] Naproxen is a nonsteroidal anti-inflammatory drug used to relieve inflammation, swelling, stiffness, and joint pain. *The PDR Pocket Guide to Prescription Drugs* 914 (7th ed. 2005).

Plaintiff claimed that this medication is known to cause internal bleeding.  *Id.*  Plaintiff alleged that this medication caused him to experience stomach pain.  *Id.*

On February 23, 2010 Plaintiff filed an inmate grievance.  (Dkt. No. 1-1 at 2.)  In the grievance, he stated the following:

> I have chronic ongoing medical problems with my right shoulder and arm.  I have a court ordered medical required[.]  [T]he medical staff here at Ogdensburg CF have neglected to continue my [physical therapy] or schedule a specialist consult.  My injury is getting worse everyday[.]  [I]t's to the point where I can bar[ely] lift the arm or use it without pain.

*Id*.

On March 9, 2010 the Inmate Grievance Resolution Committee ("IGRC") recommended that the grievance be denied.  *Id.* at 5.  On March 17, 2010 Defendant Superintendent Sears concurred with the recommendation of the IGRC.  *Id.* at 2.  On May 12, 2010 the Central Office Review Committee ("CORC") upheld the determination of the Superintendent.  (Dkt. No. 1-2 at 31.)

On or about April 13, 2010 Plaintiff filed another grievance "with similar (but not the same) concerns involving his medical conditions."  (Dkt. No. 1 ¶ 51.)  The IGRC recommended that the grievance be denied.  *Id.*  Defendant Sears concurred with the IGRC.  *Id*.

### 2. Allegations Regarding Nurse Montroy

Plaintiff alleged that in response to the initial grievance, Nurse Montroy reviewed his medical records and incorrectly concluded that his grievance was unfounded.  *Id.* ¶ 18.

Plaintiff alleged that on April 5, 2010 he "dropped a sick call slip to inform [a] physician that the medication prescribed [sic] w[as] causing stomach problems."  *Id*. ¶ 40.  In response,

3

Plaintiff saw Nurse Montroy, who "simply told [P]laintiff to stop taking" the medication. *Id.* Plaintiff also informed Nurse Montroy that he was experiencing shoulder pain. *Id.* ¶ 45. Plaintiff claimed that Nurse Montroy "once again told [P]laintiff that he was scheduled to see a doctor and once again this has not happened." *Id.* ¶ 40.

### 3. Allegations Regarding Defendant Superintendent L. Sears

Plaintiff named Superintendent L. Sears, who was the superintendent of the facility at the relevant time, as a defendant. *Id.* ¶ 4. Plaintiff alleged that Defendant Sears denied Plaintiff's grievance. *Id.* ¶ 51.

### B. Defendants' Motion to Dismiss

Defendants moved to dismiss the original complaint. (Dkt. No. 16.) They argued that the Eighth Amendment claims should be dismissed against Dr. Cholom, Dr. Ali, and Nurse Montroy because Plaintiff failed to meet the standard for deliberate indifference. (Dkt. No. 16-2 at 2-4.[3]) Defendants also argued that the Court should dismiss any claims against Superintendent Sears because Plaintiff failed to allege his personal involvement, which is required in order to succeed on a § 1983 claim. *Id.* at 4-5.

### C. The Court's Ruling on Defendants' Motion to Dismiss

On June 20, 2011, the Hon. George H. Lowe[4] recommended granting Defendants' motion to dismiss. (Dkt. No. 22.) Judge Lowe found that the complaint did not plead facts plausibly

---

[3] Page numbers in citations to Defendants' Memorandum of Law refer to the page numbers in the original document rather than to the page numbers assigned by the Court's electronic filing system.

[4] Judge Lowe retired on February 9, 2012. This case was reassigned to me on February 10, 2012. (Dkt. No. 27.)

suggesting that Defendants Cholom, Ali, or Montroy were deliberately indifferent to Plaintiff's serious medical needs. *Id*. at 11-13.  Judge Lowe found that the complaint did not allege facts plausibly suggesting that Defendant Sears was personally involved in any alleged constitutional violation. *Id*. at 13-15.  Judge Lowe recommended that the Court grant Plaintiff leave to amend his complaint.

Judge D'Agostino adopted Judge Lowe's Report-Recommendation on July 12, 2011.  (Dkt. No. 24.)  She granted Plaintiff leave to amend his complaint within thirty days of the order.  *Id*. at 2. Plaintiff was granted an extension of time to file his amended complaint.  (Text Order Aug. 25, 2011.)  Plaintiff filed the amended complaint on September 19, 2011.  (Dkt. No. 26.)

   **D.**     **Allegations of the Amended Complaint**

The amended complaint largely reiterates the allegations of the original complaint.  The amended complaint adds two new allegations.  First, Plaintiff has added Jerry Doe, a physical therapist, as a defendant. *Id*. at 3.  Plaintiff alleges that Jerry Doe was involved "in the decision of discontinuing my therapeutic plan which was prescribed by a professional medical therapist from outside of the jail system with knowledge of my serious medical need." *Id*. at 4.  Plaintiff characterizes that therapeutic plan as follows:

> The medical report from the Plaintiff['s] Doctor (Physical Therapist) Dr. Baburao Doddapaneni on 06-09-2008 stated "that Plaintiff is to undergo continuous treatment symptomatic two times a week for life!"

*Id*. at 6.[5]  Second, Plaintiff alleges for the first time that Dr. Ali "overlook[ed] the fact that the

---

[5] Plaintiff's characterization misstates the June 4, 2008 medical report from Dr. Doddapaneni, which was attached to the original complaint. (Dkt. No. 1-2 at 3.)  Rather than stating that Plaintiff should undergo treatment two times per week for life, it stated that Plaintiff requires "symptomatic treatments two times a week on and off periodically during the exacerbation of

plaintiff was a diabetic." *Id.* at 8.

## II.   LEGAL STANDARD

Under 28 U.S.C. § 1915A, "[t]he court shall review . . . a complaint in a civil action in which a prisoner seeks redress from a[n] . . . employee of a governmental entity." 28 U.S.C. § 1915A(a). In conducting this review, "the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. §1915A(b). In addition, 28 U.S.C. § 1915(e) directs that when a party proceeds *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . is frivolous or malicious [,] fails to state a claim on which relief may be granted[,] or . . . seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).[6] Although the court has the duty to show liberality towards *pro se* litigants, *Nance v. Kelly*, 912 F.2d 605, 606 (2d Cir. 1990) (per curiam), and extreme caution should be exercised in ordering *sua sponte* dismissal of a *pro se* action, *Anderson v. Coughlin*, 700 F.2d 37, 41 (2d Cir. 1983), there is a responsibility on the court to determine that an action states a claim and that the claim is not frivolous before permitting a party to continue proceeding *in forma pauperis*. *See, e.g., Thomas v. Scully*, 943 F.2d 259, 260 (2d Cir. 1991) (per curiam) (holding that a district court has the power to dismiss a complaint *sua sponte* if the complaint is frivolous).

---

symptoms." *Id*.

[6] In determining whether an action is frivolous, the court must look to see whether the complaint lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).

6

**III.     ANALYSIS**

    **A.     Eighth Amendment Claims**

There are two elements to a prisoner's claim that prison officials violated his or her Eighth Amendment right to receive medical care: "the plaintiff must show that she or he had a serious medical condition and that it was met with deliberate indifference." *Caiozzo v. Koreman*, 581 F.3d 63, 72 (2d Cir. 2009) (citation and punctuation omitted). Medical mistreatment rises to the level of deliberate indifference only when it "involves culpable recklessness, i.e., an act or a failure to act . . . that evinces 'a conscious disregard of a substantial risk of serious harm.'" *Chance v. Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998) (quoting *Farmer v. Brennan*, 511 U.S. 825, 835 (1994)). Thus, to establish deliberate indifference, an inmate must prove that (1) a prison medical care provider was aware of facts from which the inference could be drawn that the inmate had a serious medical need; and (2) the medical care provider actually drew that inference. *Farmer*, 511 U.S. at 837; *Chance*, 143 F.3d at 702-703. The inmate then must establish that the provider consciously and intentionally disregarded or ignored that serious medical need. *Farmer*, 511 U.S. 825, 835; *Ross v. Giambruno*, 112 F.3d 505 (2d Cir. 1997). An "inadvertent failure to provide adequate medical care" does not constitute "deliberate indifference." *Estelle v. Gamble*, 429 U.S. 97, 105-06 (1976). Moreover, a complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim . . . under the Eighth Amendment." *Id.* Stated another way, "medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.*; *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003) ("Because the Eighth Amendment is not a vehicle for bringing medical malpractice claims, nor a substitute for state tort law, not every lapse in prison medical care will rise to the level of a constitutional violation.")

The Court dismissed Plaintiff's Eighth Amendment claims against Defendants Chlom, Ali, and Montroy because the complaint did not allege facts plausibly suggesting that the defendants acted with deliberate indifference. (Dkt. No. 22 at 11-13; Dkt. No. 24.) The amended complaint does not cure this deficiency. In fact, Plaintiff's claims against Defendants Montroy, Cholom, and Ali refer explicitly to medical malpractice and negligence. (Dkt. No. 26 at 7, 10-11.) As discussed above, claims of medical malpractice are not actionable as Eighth Amendment claims. Although Plaintiff alleges that Dr. Ali "overlook[ed] the fact that the plaintiff was a diabetic," Plaintiff does not allege any facts plausibly suggesting that this "overlooking" rose to the level of deliberate indifference. In addition, the new claim against Defendant Jerry Doe does not allege facts plausibly suggesting that he was deliberately indifferent to Plaintiff's serious medical needs. Therefore, I recommend that the Court dismiss Plaintiff's Eighth Amendment claims without leave to amend.

### B.     Claims Against Defendant Sears

The Court dismissed Plaintiff's claim against Defendant Sears because the original complaint did not allege facts plausibly suggesting that Defendant Sears was personally involved in any constitutional violation. (Dkt. No. 22 at 13-15; Dkt. No. 24.) As the Court explained at that time, if a defendant is a supervisory official, a mere "linkage" to the unlawful conduct through "the prison chain of command" (i.e., under the doctrine of *respondeat superior*) is insufficient to show the defendant's personal involvement in that unlawful conduct. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994); *Ayers v. Coughlin*, 780 F.2d 205, 210 (2d Cir. 1985). In the amended complaint, Plaintiff states that Defendant Sears should "remain a part of the claim due to his involvement as the overseer of Ogdensburg Correctional Facility." (Dkt. No. 26 at 4.) The

amended complaint thus relies on a *respondeat superior* theory.  Therefore, I recommend that the Court dismiss the claim against Defendant Sears without leave to amend.

**ACCORDINGLY**, it is

**RECOMMENDED** that the Court dismiss the amended complaint (Dkt. No. 26) without leave to amend.

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court. **<u>FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW</u>**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing *Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6(a).

Dated: May 15, 2012
      Syracuse, New York

Thérèse Wiley Dancks
United States Magistrate Judge