**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**
_____

**GEORGE WHITE,**

                              **Plaintiff,**

  vs.                                                        9:10-CV-0721
                                                                       (MAD/TWD)

**L. SEARS; DOCTOR CHOLOM; DOCTOR ALI;
and NURSE MONTROY,**

                              **Defendants.**
_____

**APPEARANCES:**                                **OF COUNSEL:**

**GEORGE WHITE**
1281 Jefferson Davis Highway
Fredericksburg, Virginia 22401
Plaintiff *pro se*

**OFFICE OF THE NEW YORK**          **WILLIAM J. MCCARTHY, JR., AAG**
**STATE ATTORNEY GENERAL**
The Capitol
Albany, New York 12224
Attorneys for Defendants

**Mae A. D'Agostino, U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### I. INTRODUCTION

      On June 21, 2010, Plaintiff commenced this action pursuant to 42 U.S.C. § 1983, alleging that Defendants were deliberately indifferent to his serious medical needs in violation of the Eighth Amendment of the United States Constitution. In an Order dated July 12, 2011, the Court dismissed Plaintiff's complaint, but granted Plaintiff leave to amend. *See* Dkt. No. 24. On September 19, 2011, Plaintiff filed an amended complaint. *See* Dkt. No. 26.

Currently before the Court is Plaintiff's objection to Magistrate Judge Dancks' May 15, 2012 Report-Recommendation, which recommended that the Court *sua sponte* dismiss Plaintiff's amended complaint without leave to amend. *See* Dkt. No. 29 at 1.

## II. BACKGROUND

### A.   Factual Background

In his amended complaint, Plaintiff claims that Defendants were deliberately indifferent in providing inadequate care while incarcerated at Ogdensburg Correctional Facility, allegedly causing further health problems, degeneration, and emotional stress and mental anguish. *See* Dkt. No. 26 at ¶ 4. Plaintiff's injury stemmed from an incident that occurred on May 8, 2007, prior to his being incarcerated, in which a glass window fell on him during work, severing tendons in his arm. *See id.* Plaintiff underwent surgery and physical therapy. *See id.* Plaintiff's doctor recommended symptomatic treatments two times per week. *See id.*

On July 18, 2008 Plaintiff was sentenced to two-and-one-half to five-years incarceration after pleading guilty to burglary. *See id.* Plaintiff began treatment for his injuries with Defendant Cholom and Defendant Ali on July 28, 2008. *See id.* After eight physical therapy sessions, Defendants Cholom and Ali concluded that Plaintiff no longer needed to attend physical therapy. *See id.* Defendant Cholom prescribed Naproxen to Plaintiff, which Plaintiff claims caused stomach pain. *See id.* Thereafter, Plaintiff filed two grievances regarding his medical treatment, both of which were denied by the Inmate Grievance Resolution Committee ("IGRC"), as per Defendant Sears' recommendation. *See id.* Plaintiff informed Defendant Montroy of his stomach pains, and in response, was instructed to discontinue taking the medication. *See id.*

Plaintiff's first cause of action listed in his amended complaint alleges that Defendant Montroy was involved in "legal negligence," and deliberately intended to "deny, delay and interfere" with Plaintiff's serious medical needs. *See id.* at ¶ 5. The second cause of action alleges that Defendant Cholom provided inappropriate medical care. *See id.* Plaintiff's third cause of action alleges that Defendant Ali "overlook[ed] the fact that [ ] Plaintiff was a diabetic." *See id.* The fourth cause of action claims that Defendant Sears' involvement was not thoroughly considered by the Court in dismissing him from this action, and asks that the Court reinstate Sears as a Defendant because he has authority over the medical staff at Ogdensburg Correctional Facility. *See id.* Lastly, in the fifth cause of action, Plaintiff adds "Jerry," a physical therapist at Gouverneur Correctional Facility, as a Defendant, claiming he "showed [a] lack of professional medical care" and is "also liable due to his professional knowledge and involvement" in Plaintiff's care while at Ogdensburg Correctional Facility. *See id.* Plaintiff requests in his prayer for relief that he be awarded no less than $75,000 for pain and suffering due to Defendants' "intentional interference with a prescribed treatment" which "show[s] that they are blameworthy to medical malpractice." *See id.* at ¶ 6.

**B.   Magistrate Judge Dancks' Report-Recommendation**

In her Report-Recommendation dated May 15, 2012, Magistrate Judge Dancks recommended that the Court *sua sponte* dismiss Plaintiff's amended complaint. *See* Dkt. No. 29 at 1. Magistrate Judge Dancks concluded that Plaintiff's amended complaint does not cure the deficiency of his original complaint, which was dismissed for a failure to "allege facts plausibly suggesting Defendants acted with deliberate indifference." *See id.* at 8.

3

Magistrate Judge Dancks noted that "Plaintiff's claims against Defendants Montroy, Cholom, and Ali refer explicitly to medical malpractice and negligence" which Magistrate Judge Dancks noted are not actionable as Eighth Amendment claims. *See id.* With respect to Plaintiff's claim that Defendant Ali "overlooked" the fact that Plaintiff is a diabetic, Magistrate Judge Dancks recommended that this claim also fails to allege facts plausibly suggesting that Defendant Ali acted with deliberate indifference toward Plaintiff's serious medical needs. *See id.* Regarding Plaintiff's claim against Defendant Sears,[1] Magistrate Judge Dancks recommended that the claim should be dismissed without leave to amend because Plaintiff relies on the theory of *respondeat superior*, which Magistrate Judge Dancks noted is insufficient to show personal involvement in the alleged unlawful conduct. *See id.* at 8-9.

### III. DISCUSSION

**A.   Standard of Review**

When a party files specific objections to a magistrate judge's report-recommendation, the district court makes a "*de novo* determination of those portions of the report of specified proposed findings or recommendations to which objection in made." 28 U.S.C. § 636(b)(1) (2006). However, when a party files "[g]eneral or conclusory objection or objections which merely recite the same arguments [that he presented] to the magistrate judge," the court review those recommendations for clear error. *O'Diah v. Mawhir*, No. 9:08-CV-322, 2011 WL 933846, *1

---

[1] Magistrate Judge Dancks noted in her Report-Recommendation that the Court dismissed Plaintiff's original claim against Defendant Sears because the complaint did not allege facts plausibly suggesting personal involvement by Defendant Sears in any constitutional violation. *See* Dkt. No. 29 at 8.

4

(N.D.N.Y. Mar. 16, 2011) (citations and footnote omitted).[2]  After the appropriate review, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge."  28 U.S.C. § 636(b)(1).

Where a plaintiff seeks leave to proceed *in forma pauperis*, the court must determine whether the plaintiff has demonstrated sufficient economic need to proceed without prepaying, in full, the $350.00 filing fee.  In addition, the court must consider whether the causes of action stated in the complaint are, among other things, frivolous or malicious, or if they fail to state a claim upon which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B); *see also* 28 U.S.C. § 1915A(b)(1).

Having found that Plaintiff meets the financial criteria for commencing this case *in forma pauperis*,[3] the Court must consider the sufficiency of the allegations set forth in the amended complaint in light of 28 U.S.C. §§ 1915(e) and 1915A.  Section 1915(e) of Title 28 of the United States Code directs that, when a plaintiff seeks to proceed *in forma pauperis*, "(2) . . . the court shall dismiss the case at any time if the court determines that – . . . (B) the action . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2).  Likewise, under 28 U.S.C. § 1915A, the Court must review any "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity" and must "identify cognizable claims or dismiss the complaint, or any

---

[2] Although Plaintiff's one-sentence objection clearly qualifies as "general or conclusory," in light of his *pro se* status and because Magistrate Judge Dancks recommended *sua sponte* dismissal with prejudice, the Court will make a *de novo* determination of the sufficiency of Plaintiff's amended complaint.

[3] In a Decision and Order dated June 28, 2010, Magistrate Judge Lowe granted Plaintiff's motion for leave to proceed *in forma pauperis*.  *See* Dkt. No. 7.

portion of the complaint, if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted; or . . . seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b); *see also Carr v. Dvorin*, 171 F.3d 115, 116 (2d Cir. 1999) (per curiam) (holding that section 1915A applies to all actions brought by prisoners agaisnt government officials even when the plaintiff has paid the filing fee); *Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007) (stating that both sections 1915 and 1915A are available to evaluate prisoner *pro se* complaints). Thus, even if a plaintiff meets the financial criteria to commence an action *in forma pauperis*, it is the court's responsibility to determine whether the plaintiff may properly maintain the complaint that he filed in this District before the plaintiff is permitted to proceed with the action *in forma pauperis*. *See id*. "The court must also bear in mind, however, the well established rules that the complaint of a *pro se* litigant should be liberally construed in his favor." *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988) (citing *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 595-96, 30 L. Ed. 2d 652 (1972) (per curiam)).

When reviewing a complaint, the court may also look to the Federal Rules of Civil Procedure. Rule 8 of the Federal Rules of Civil Procedure provides that a pleading that sets forth a claim for relief shall contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8 "'is to give fair notice of the claim being asserted so as to permit the adverse party the opportunity to file a responsive answer, . . . prepare an adequate defense"' and determine whether the doctrine of res judicata is applicable. *Hudson v. Artuz*, No. 95 CIV. 4768, 1998 WL 832708, *1 (S.D.N.Y. Nov. 30, 1998) (quoting *Powell v. Marine Midland Bank*, 162 F.R.D. 15, 16 (N.D.N.Y. 1995) (quoting *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977))) (other citations omitted).

6

When a *pro se* complaint fails to state a cause of action, the court generally "should not dismiss without granting leaved to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citations omitted). Of course, an opportunity to amend is not required where "[t]he problem with [the plaintiff's] cause of action is substantive" such that "better pleading will not cure it." *Id.* (citation omitted).[4]

A court should not dismiss a complaint if the plaintiff has set forth "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted). Although the court should construe the factual allegations in the light most favorable to the plaintiff, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Id.* "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* (citing *Twombly*, 550 U.S. at 555); *see also Salahuddin*, 861 F.2d at 43 (stating that pleadings in a § 1983 action are required to contain "more than mere conclusory allegations"). Thus, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but is has not 'show[n]' – 'that the pleader is entitled to relief.'" *Id.* at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

**B.    Deliberate Indifference**

---

[4] Similarly, the court in *Salahuddin* noted that a district court may "dismiss a prolix complaint without leave to amend in extraordinary circumstances, such as where leave to amend has previously been given and the successive pleadings remain prolix and unintelligible."

The Eighth Amendment explicitly prohibits the infliction of "cruel and unusual punishment." U.S. CONST. amend. VIII. This prohibition includes any "unnecessary and wanton infliction of pain" on those who have been convicted of crimes. *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994) (citations omitted). Nevertheless, the United States Supreme Court has recognized that not "every injury" a prisoner suffers "translates into constitutional liability for prison officials." *Farmer v. Brennan*, 511 U.S. 825, 834 (1994).

In order to establish a claim for unconstitutional denial of medical care, "a prisoner must prove 'deliberate indifference to [his] serious medical needs.'" *Hathaway*, 37 F.3d at 66 (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S. Ct. 285, 290, 50 L. Ed. 2d 251 (1976)). This standard requires proof of both an objective and subjective element. *See Bain v. Hsu*, No. 1:06-CV-189, 2010 WL 3927589, *4 (D. Vt. Sept. 29, 2010) (citing cases).

First, the prisoner must demonstrate that the alleged deprivation was of an objectively "sufficient serious" nature. *Id.* (quoting *Wilson v. Seiter*, 501 U.S. 294, 298 (1991)). This can be shown by proving "a condition of urgency, one that may produce death, degeneration, or extreme pain." *Nance v. Kelly*, 912 F.2d 605, 607 (2d Cir. 1990). Courts have also considered factors such as "(1) whether a reasonable doctor or patient would perceive the medical need in question as 'important and worthy of comment or treatment,' (2) whether the medical condition significantly affects daily activities, and (3) 'the existence of chronic and substantial pain.'" *Brock v. Wright*, 315 F.3d 158, 162 (2d Cir. 2003) (citing *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)).

If there is a complete failure to provide treatment, the court must look to the seriousness of the inmate's medical condition. *See Smith v. Carpenter*, 316 F.3d 178, 185-86 (2d Cir. 2003). If, on the other hand, the complaint alleges that treatment was provided but was inadequate, the

8

seriousness inquiry is more narrowly confined to that alleged inadequacy, rather than focusing upon the seriousness of the prisoner's medical condition. *See Salahuddin v. Goord*, 467 F.3d 263, 280 (2d Cir. 2006). "For example, if the prisoner is receiving on-going treatment and the offending conduct is an unreasonable delay or interruption in that treatment, the seriousness inquiry 'focus[es] on the challenged delay or interruption in treatment rather than the prisoner's underlying medical condition alone.'" *Id.* (quoting *Smith*, 316 F.3d at 185). In other words, at the heart of the relevant inquiry is the seriousness of the medical need and whether, from an objective viewpoint, the temporary deprivation was sufficiently harmful to establish a constitutional violation. *See Smith*, 316 F.3d at 186. Of course, "when medical treatment is denied for a prolonged period of time, or when a degenerative medical condition is neglected over sufficient time, the alleged deprivation of care can no longer be characterized as 'delayed treatment', but may properly be viewed as a 'refusal' to provide medical treatment." *Id.* at 186 n.10 (quoting *Harrison v. Barkely*, 219 F.3d 132, 137 (2d Cir. 2000)).

Second, to satisfy the subjective prong, a prisoner must show that "the prison official knew of and disregarded his serious medical needs." *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (citing *Farmer v. Brennan*, 511 U.S. 825, 837 (1994)). It is not enough to merely disagree over the proper course of treatment. *See Chance*, 143 F.3d at 703. Rather, a prisoner must demonstrate that the prison official acted intentionally, for example, by "intentionally denying or delaying access to medical care or intentionally interfering with . . . treatment." *Estelle v. Gamble*, 429 U.S. 97, 104 (1976).

Deliberate indifference is a mental state equivalent to subjective recklessness as the term is used in criminal law. *See Salahuddin*, 467 F.3d at 280 (citing *Farmer*, 511 U.S. at 839-40, 114 S. Ct. 1970). Mere negligence on the part of a physician or other prison medical official in

9

treating or failing to treat a prisoner's medical condition does not implicate the Eighth Amendment and is not properly the subject of a section 1983 action. *See Estelle*, 429 U.S. at 105-06; *Chance*, 143 F.3d at 703. "This mental state requires that the charged official act or fail to act while actually aware of a substantial risk that serious inmate harm will result." *Salahuddin*, 467 F.3d at 280 (citation omitted). "Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Id.* at 106.

In his objection to Magistrate Judge Dancks' Report-Recommendation, Plaintiff asks that the Court review the seriousness of his complaint; in particular whether he had received an X-Ray as stated by Defendant Montroy. *See* Dkt. No. 31. Plaintiff, however, fails to provide any additional details regarding this claim. *See id.*

Having reviewed the amended complaint and Plaintiff's conclusory objection, the Court finds that Magistrate Judge Dancks correctly recommended that Plaintiff's amended Eighth Amendment claims against Defendants Cholom, Ali, and Montroy should be dismissed without leave to amend. Plaintiff was given the opportunity to amend his original complaint, which was dismissed for failure to allege facts plausibly suggesting deliberate indifference on behalf of the Defendants, and the amended complaint "does not cure this deficiency." *See* Dkt. No. 29 at 8.

In his amended complaint, Plaintiff simply alleges that Defendants Cholom, Ali, and Montroy acted negligently, failed to provide appropriate medical care, and acted deliberately indifferent towards his serious medical needs. Plaintiff, however, fails to mention any specific deliberate acts or intentional omissions in the course of his medical care that would plausibly suggest Defendants' liability as to the allegations set forth by Plaintiff. Plaintiff's claims against Defendant Ali also include an allegation that Defendant Ali "overlook[ed] the fact that [he is] a diabetic." Again, however, Plaintiff has failed to provide any further information plausibly

suggesting that Defendant Ali deliberately "overlooked" this condition, that Plaintiff informed Defendant Ali that he is diabetic, or how Defendant Ali's actions impacted the treatment of his injury at issue in this matter. *See* Dkt. No. 26 at ¶ 4.

Furthermore, Plaintiff's amended complaint sets forth allegations of medical malpractice, which Magistrate Judge Dancks correctly noted is not an actionable Eighth Amendment claim under § 1983.[5] *See* Dkt. No. 26 at ¶ 5. Plaintiff's added claims against Defendant Jerry Doe fail for the same reason as they allege medical malpractice, and are void of any facts plausibly suggesting that Defendant Jerry Doe acted with deliberate indifference. *See id.*

Magistrate Judge Dancks also correctly recommended that the Court should dismiss the amended claims against Defendant Sears without leave to amend since they rely on a theory of *respondeat superior*, which is an inappropriate theory of liability in a § 1983 case as personal involvement is a prerequisite to damage assessment. *See Richardson v. Goord*, 347 F.3d 431, 435 (2d Cir. 2003) (other citations omitted); *Wright v. Smith*, 21 F.3d 496, 501 (2d Cir. 1994)) (other citations omitted). Plaintiff's allegation that Defendant Sears has authority over the medical staff at Ogdensburg Correctional Facility does not establish his personal involvement in the alleged unconstitutional conduct. Finally, Plaintiff's claims against Defendant Sears must also fail because Plaintiff has failed to allege facts plausibly suggesting any unconstitutional conduct by any Defendant in which Defendant Sears, as a supervisory official, could have been personally involved.

## IV. CONCLUSION

---

[5] Magistrate Judge Dancks referenced *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003), in which the court stated that the "Eighth Amendment is not a vehicle for bringing medical malpractice claims." *See* Dkt. No. 29 at 7.

After carefully considering Magistrate Judge Dancks' Report-Recommendation, Plaintiff's objection thereto, and the applicable law, and for the reasons stated herein, the Court hereby

**ORDERS** that Magistrate Judge Dancks' May 15, 2012 Report-Recommendation is **ADOPTED** in its entirety for the reasons stated therein; and the Court further

**ORDERS** that Plaintiff's complaint is **DISMISSED without leave to amend**; and the Court further

**ORDERS** that the Clerk of the Court shall enter judgment in Defendants' favor and close this case; and the Court further

**CERTIFIES** that, pursuant to 28 U.S.C. § 1915(a)(3), any appeal taken from this Memorandum-Decision and Order would not be taken in good faith; and the Court further

**ORDERS** that the Clerk of the Court shall serve the parties with a copy of this Memorandum-Decision and Order in accordance with the Local Rules.

**IT IS SO ORDERED.**

Dated: July 16, 2012
      Albany, New York

*[signature]*
Mae A. D'Agostino
U.S. District Judge